UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ABRAHAM M. FISCH

                Plaintiff,                    14-cv-1516 (NSR)

    -against-                               OPINION AND ORDER

EBBA M. FISCH as PERSONAL,
REPRESENTATIVE OR HEIR/BENEFICIARY
OF THE ESTATE OF RICHARD L. FISCH,

                Defendant.
------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

       Abraham M. Fisch ("Plaintiff," or "Abraham"), brought this action against Ebba M. Fisch as Personal Representative or Heir/Beneficiary of the Estate of Richard L. Fisch ("Defendant," or "Ebba") for breach of contract.

       Before the Court is Defendant's motion to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). In her Rule 12(b)(1) motion, Defendant contends that Plaintiffs' claims are barred by the "probate exception" to federal jurisdiction. For the following reasons, Defendant's motion is GRANTED.

    I.    Background

       The following facts are taken from Plaintiff's Second Amended Complaint unless otherwise noted, and are accepted as true for the purposes of this motion.[1]

---

[1] Plaintiff filed his Second Amended Complaint without seeking leave of this Court or Defendant's consent, as required by Fed. R. Civ. P. 15(a)(2); however, Defendant did not object to its filing and has already filed an Answer to the Second Amended Complaint. Thus, for purposes of this motion, the Second Amended Complaint will be considered the operative complaint.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/23/2014

Plaintiff Abraham M. Fisch is a resident of Houston, Texas. Abraham is one of the children of Richard L. Fisch, the decedent, and his former wife Mary Louise Fisch.[2] Richard Fisch was a resident of Westchester County, New York, and died on August 23, 2013. Defendant Ebba M. Fisch was the spouse of Richard Fisch at the time of his death, and is the named Executrix of a Last Will and Testament executed by the decedent in 2009.

Richard Fisch and Mary Louise Fisch signed a written separation agreement ("Separation Agreement") in November 1963 incident to their divorce. In the Separation Agreement, decedent agreed to make an irrevocable will leaving his estate to his children and to maintain a life insurance policy (or policies) naming each of their three children as beneficiaries. *See* Pl.'s Second Am. Compl. Ex. A. The Separation Agreement was supported by good and valuable consideration; it was executed by both parties; and it was both witnessed and notarized.[3]

Plaintiff alleges that he discovered the agreement between his parents was breached when Richard Fisch died without executing an irrevocable will leaving his estate to his children or securing a life insurance policy with his children as beneficiaries. Instead, Richard Fisch's 2009 Last Will and Testament leaves the entirety of his estate to Defendant Ebba Fisch and names her as Executrix. The 2009 Will was admitted to probate in the Surrogate's Court of the State of New York, Westchester County, and the Surrogate issued Preliminary Letters Testamentary to Defendant on May 28, 2014. *See* Def.'s Mot. Dismiss Ex. C.

---

[2] It is unclear from Plaintiff's Second Amended Complaint (and earlier pleadings) whether Plaintiff is one of the children of Richard Fisch and Mary Louise Fisch explicitly named in the separation agreement. The agreement lists three issue of the couple: John Fisch, Anthony Fisch, and Peter Fisch. *See* Pl.'s Second Am. Compl. Ex. A. While noting that John Fisch has elected not to join in this action, Plaintiff does not explain why his name is not listed or allege that he is also known by any of these names. For the purposes of this motion, however, the Court accepts his allegation as true.

[3] Although not alleged in the pleadings, the Court presumes that the Separation Agreement was also filed in state court incident to any divorce proceedings between Richard Fisch and Mary Louise Fisch.

2

Plaintiff alleges that he has suffered damages in the form of the complete and total loss of his inheritance from his father. He estimates that his father's estate is worth $2.5 million and includes personal property; funds in bank accounts; stocks, bonds, and similar financial investments; and real property situated in New York and Massachusetts.

Plaintiff initiated this action on March 5, 2014, and filed an Amended Complaint on April 3, which Defendant answered on May 22. Defendant served her motion to dismiss on July 28, 2014. Plaintiff filed a Second Amended Complaint on August 6, 2014, which Defendant answered on August 7. In his Second Amended Complaint, Plaintiff seeks to recover his actual damages, including attorney fees and court costs, for breach of the Separation Agreement.

## II. Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the Court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The party asserting that the Court has jurisdiction bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Id*. "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Id*. The Court, however, must accept all material factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Aurecchone v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005); *Atl. Mut. Ins. Co. v. Balfour MacLaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 2002).

Even where a complaint on its face properly alleges diversity of the parties and exceeds the threshold amount in controversy, there are some circumstances in which the federal courts still lack jurisdiction. One example of this is the probate exception to federal jurisdiction. *See*

*Markham v. Allen*, 326 U.S. 490, 494 (1946) ("[A] federal court has no jurisdiction to probate a will or administer an estate.").

### III. Discussion

Plaintiff has met the burden of proving the existence of diversity jurisdiction. Plaintiff is a resident of Texas, while Defendant is a resident of New York; Plaintiff also alleges an amount in controversy greater than $75,000. Thus, this Court has jurisdiction under 28 U.S.C. § 1332 absent the existence of a specific circumstance that would deprive it of such jurisdiction.

Defendant asserts that the probate exception to otherwise proper federal jurisdiction applies in this case. "The probate exception is an historical aspect of federal jurisdiction that holds 'probate matters' are excepted from the scope of federal diversity jurisdiction." *Lefkowitz v. Bank of New York*, 528 F.3d 102, 105 (2d Cir. 2007). "[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006). The probate exception, however, "does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id.* at 312. "[S]o long as a plaintiff is not seeking to have the federal court administer a probate matter or exercise control over a *res* in the custody of a state court, if jurisdiction otherwise lies, then the federal court may, indeed must, exercise it." *Lefkowitz*, 528 F.3d at 106.

Following the Supreme Court's clarification of the probate exception in *Marshall*, "[d]etermining whether [a] case falls within the probate exception involves a two-part inquiry: first, whether the action requires 'the probate or annulment of a will [or] the administration of a decedent's estate'; and second, whether the action requires the court 'to dispose of property that

is in the custody of a state probate court.'" *Groman v. Cola*, No. 07-CV-2635, 2007 WL 3340922, at *5 (S.D.N.Y. Nov. 7, 2007) (quoting *Marshall*, 547 U.S. at 311-12); *see also Lefkowitz*, 528 F.3d at 106. In his Second Amended Complaint, Plaintiff has not directly asked this Court to determine the validity of the 2009 Will or to administer Richard Fisch's estate so his claim does not violate the first prong. As the Second Circuit noted in *Moser*, "since few practitioners would be so misdirected as to seek, for example, letters testamentary or letters of administration from a federal judge, the first prong of the probate exception is rarely, if ever, violated." *Moser v. Pollin*, 294 F.3d 335, 340 (2d Cir. 2002); *see also Abercrombie v. Andrew College*, 439 F. Supp. 2d 243, 252 (S.D.N.Y. 2006) (quoting *Moser*, 294 F.3d at 340).

   Instead, Plaintiff has styled his claim as an *in personam* claim against Defendant for monetary damages. This Court must thus determine whether resolution of the claim would require the court "to dispose of property that is in the custody of a state probate court." *Marshall*, 547 U.S. at 312. Typically, "*in personam* claims—although related to *in rem* claims regarding the probate of a will or administration of an estate, which may not be litigated in federal court— for which a plaintiff 'seeks damages from [a defendant] personally rather than assets or distributions from [an] estate' are within the jurisdiction of the federal courts." *Lifschultz v. Lifschultz*, No. 12-CV-1881, 2012 WL 2359888, at *5 (S.D.N.Y. 2012) (quoting *Lefkowitz*, 528 F.3d at 107-08). The probate exception applies to claims in which a plaintiff seeks "in essence, a disgorgement of funds that remain under the control of the Probate Court," but not to claims in which a plaintiff seeks "damages from Defendants personally rather than assets or distributions from [an] estate," such as claims of breach of fiduciary duty or other tort claims. *Lefkowitz*, 528 F.3d at 107-08.

At first glance, Plaintiff's claims appear to fall within the range of *in personam* claims for damages that would not be barred by the probate exception. Upon further examination, however, it is clear that Plaintiff is asking this Court to order a distribution that implicates the *res* of the estate, bringing his claim squarely within the probate exception and outside the subject matter jurisdiction of this Court. Although Plaintiff asserts that he seeks actual damages from Defendant, he has made no allegations that Defendant herself engaged in any wrongdoing; for example, he has not alleged any breach of fiduciary duty or tortious activity on the part of Defendant. *But cf. Marshall*, 547 U.S. at 312 (finding probate exception did not apply to tort action for interference with expected inheritance or gift); *Abercrombie*, 438 F. Supp. 2d at 255-56 (finding probate exception did not apply because "the lawsuit at least in part sounds in tort and therefore is precisely the type of action that routinely is found to be outside the bounds of the probate exception."); *Lifschultz*, No. 12-CV-1881, 2012 WL 2359888 (finding probate exception did not apply when plaintiff sued defendant in individual capacity for breach of contract, fraud, breach of fiduciary duty, and negligence). Defendant is being sued in her capacity as Executrix of the estate and beneficiary under Richard Fisch's will; she is not being sued for any of her own actions. Thus, while styled as a claim seeking actual damages from Defendant, his claim is really against the estate itself. Plaintiff is essentially seeking a declaration from this Court that a portion of the estate (or its equivalent amount of money) should go to him instead of to Defendant. *Cf. Capponi v. Murphy*, 772 F. Supp. 2d 457, 468 (S.D.N.Y. 2009) (finding that defendants' counterclaims for money damages "suggest[ed] to the Court that Defendants are not seeking an *in personam* judgment . . . but rather [we]re seeking to direct the disbursement" of money from estate, and that "resolution of the counterclaims potentially would require the Court to dispose of estate property."). Any relief that would be ordered by this Court if Plaintiff succeeded on the

6

merits would necessarily implicate the distribution of a *res* that is under the control of the Surrogate Court. *See Kennedy v. Trustees of Testamentary Trust of Will of Kennedy*, 406 Fed. Appx. 507, 509 (2d Cir. 2010) (finding that probate exception applied when plaintiff sought court order compelling payment to extent he was entitled to funds from testamentary trust at issue). This brings Plaintiff's claim squarely within the bounds of the probate exception to federal jurisdiction, and extinguishes this Court's subject matter jurisdiction over his claim.

### IV. Conclusion

Accordingly, the Court GRANTS Defendant Ebba M. Fisch's motion to dismiss. The Clerk of the Court is respectfully requested to terminate this motion, Docket No. 21, and close this case.

Dated: September 23, 2014  
      White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge

7